Mr. Justice Smith
delivered the opinion of the court.
In this case several exceptions are taken to the verdict of the jury, who were empannelled to assess the damages sustained by the plaintiff; an interlocutory judgment having been entered against the defendant below, John Maulding, upon overruling his demurrer to the declaration.
In support of these objections, it is alleged that no damages whatever, were assessed by the jury, and that their finding was, in fact, what the judgment of the court should have been upon a proper finding. The verdict is in the following words, to wit: “We of the jury find for the plaintiff, the debt in the declaration mentioned, to be discharged by the payment of the sum,” &c. This case, in respect to this point, is precisely analogous to the cases of The Gov., use of Conray v. Longacre, and The Gov., use of Ross, v. Downs et al. (opinions of this court,) in which the verdict was considered sufficient in substance and certainty.
It is also insisted, that there is error in the decision of the circuit court in overruling the objection of the defendant to the admissibility of certain evidence, offered on the trial, by the plaintiff. From the bill of exceptions, this evidence appears to have consisted of two judgments of the circuit court, one of which was in favor of Alvarez Fisk, indorsee of William C. Cross v. William S. Breckenridge, one of the obligors in the bond, upon which this *580 action was instituted, and the plaintiff in error, with the writ of fieri facias, which had issued thereon; the other, a judgment in favor of Morse, use of Lee & Co., (with the excution thereon,) against the said Breckenridge, but from the omission of the clerk in making out the record, they are. not embodied in the bill of exceptions which was signed by the judge who presided in the cause, and therefore do not appear in the record. It is true they have been transcribed by the clerk, who states that they “ are the records and executions referred to in the bill of exceptions.” It is a well settled rule, that in general, nothing can be made a part of the record by a mere reference in the bill of exceptions. Each bill of exceptions presents a distinct .case, and it is upon the facts embraced within it, that the court must decide. The objection that the words of the judgment in the circuit court, transcribed by the clerk, are not properly a part of this record, is much stronger than the reason of the rule above laid down.
As the evidence does not appear which formed the subject of exception in the court below, we have no means of ascertaining whether or not thé decision was correct, and must therefore presume that it was correct.
The judgment must be affirmed.